Slip Op. 12-161

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MICHAELS STORES, INC.,<br><br>                              Plaintiff,<br><br>                    v.<br><br>UNITED STATES,<br><br>                    Defendant. | Before: Jane A. Restani, Judge<br><br>Court No. 12-00146 |

[Defendant's motion to dismiss Count I (in part) and Count II of complaint denied.]

**OPINION**

Dated: December 27, 2012

Lewis E. Leibowitz, Hogan Lovells US LLP, of Washington, DC for the plaintiff. With him on the brief were Craig A. Lewis, Eric B. Gillman, and Wesley V. Carrington.

Carrie A. Dunsmore, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC for the defendant. With her on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief were Paula Smith, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection, and Daniel J. Calhoun, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce.

Restani, Judge: This matter concerns the assessment of antidumping duties on

imports by plaintiff of cased pencils from China, which were entered between December 1, 2008,

and November 30, 2010, within two separate administrative review periods for the antidumping

duty order at issue. See Antidumping Duty Order: Certain Cased Pencils from the People's

Republic of China, 59 Fed. Reg. 66,909 (Dep't Commerce Dec. 28, 1994). The pencils were

produced by China First Pencil Company ("China First"), Shanghai Three Star Stationery Co.,

Ltd ("Three Star"), and Shandong Rongxin Import and Export Co., Ltd. ("Rongxin").

Defendant seeks to have Count I of the complaint, which covered the first review

period at issue, dismissed as to entries of products from China First and Three Star.  It seeks to

have Count II, which covers the second review period and relates to China First and Rongxin,

dismissed in its entirety.  Count III, which is brought under the Administrative Procedure Act

("APA"), 5 U.S.C. § 702, and covers both periods of review, is not addressed in the motion to

dismiss, although it is unclear to the court how it differs in this respect from Counts I and II,

which also cite the APA, but the court leaves that to another day.

Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(i)(4) as it alleges the

liquidation instructions, which the United States Department of Commerce ("Commerce") sent

to United States Customs and Border Protection ("Customs") advising it as to what duties were

to be assessed on plaintiff's entries, were incorrect.  That is, plaintiff alleges the instructions do

not reflect the final determinations of Commerce with respect to the administrative review

periods at issue.

The parties agree that liquidation instructions to Customs, which do not agree

with the published determinations of Commerce, may be challenged under 28 U.S.C.

§ 1581(i)(4), as challenges to the administration and enforcement of customs and international

trade laws.  Consolidated Bearings Co. v. United States, 348 F.3d 997, 1002  03 (Fed. Cir. 2003);

Shinyei Corp. of Am. v. United States, 355 F.3d 1297, 1312 (Fed. Cir. 2004).  Defendant,

however, seeks to rewrite plaintiff's complaint to be a challenge to Customs' actions, but that is

not what the complaint says.

Apparently, defendant takes the position that although Commerce sent liquidation instructions to Customs, the instructions were based on a statutory duty arising from the lack of an administrative review, not a completed administrative review, and therefore 28 U.S.C. § 1581(i)(4) does not apply.  This distinction, however, is irrelevant to 28 U.S.C. §1581(i)(4) jurisdiction.  However Commerce arrived at the instructions which were issued, it is Commerce that issued them, not Customs, the recipient.  Thus, plaintiff's challenge is to Commerce's action in enforcing and administering the trade laws.  Defendant's assertion that Customs' actions are to be challenged pursuant to 28 U.S.C. § 1581(a) (protest denial jurisdiction) is a truism, but those are not the actions plaintiff challenges in this complaint.  As the court stated in Target and Walgreen, other China cased pencil matters with similar exporter/importer instruction issues, "If the Liquidation Instructions . . . varied from the Final Results or reflected some decision made by Commerce after the Final Results, jurisdiction would lie under 28 U.S.C. § 1581(i) to correct any error."  Target Corp. v. United States, Slip. Op.10-141, 2010 Ct. Intl. Trade LEXIS 146, at *5 (CIT Dec. 23, 2010); Walgreen Co. v. United States, Slip. Op. 10-142, 2010 Ct. Intl. Trade LEXIS 145, at *4  5 (CIT Dec. 23, 2010).

Court No. 12-00146                                                                    Page 4

It may be true that the plaintiff has no viable claim against Commerce because its instructions were correct or because they were just what was required by the relevant statute, as defendant asserts, but such arguments go to the merits of plaintiff's claim. They do not determine subject matter jurisdiction.

Defendant's partial motion to dismiss pursuant to CIT Rule 12(b)(1) is denied.


/s/ Jane A Restani
Jane A. Restani
Judge


Dated: This 27th day of December, 2012.
        New York, New York.